IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3SHAPE A/S,<br>   *Plaintiff*,<br> v.<br>EXOCAD GmbH, and<br>EXOCAD AMERICA, INC.<br>   *Defendants*. | C.A. No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff 3Shape A/S ("Plaintiff" or "3Shape"), by and through its undersigned counsel, for its complaint against Defendants Exocad GmbH and Exocad America, Inc. (collectively, the "Defendants" or "Exocad"), hereby alleges and states the following:

## PARTIES

1. Plaintiff 3Shape is a Danish corporation with a principal place of business at Holmens Kanal 7, 1060 Copenhagen K, Denmark.

2. Plaintiff is the owner by assignment of the entire right, title and interest in and to U.S. Patent No. 9,075,937 ("the '937 patent"), entitled "Tools for Customized Design of Dental Restorations," a copy of which is attached hereto as Exhibit A.

3. Upon information and belief, Defendant Exocad GmbH is a corporation organized and existing under the laws of Germany, with principal place of business at Julius-Reiber-Straße 37, 64293 Darmstadt, Germany.

4. Upon information and belief, Defendant Exocad America, Inc. ("Exocad America") is a United States corporation organized and existing under the laws of Delaware, with a principal place of business at 600 W. Cummings Park, Suite 4100, Woburn,

Massachusetts 01801. Exocad America has designated Corporation Trust Corporation as agent for service of process.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, § 100 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because they have, directly or through their agents and/or intermediaries, committed acts within Delaware giving rise to this action and/or each Defendant has established such minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

7. Upon information and belief, Defendants regularly conduct business Delaware, and purposefully avail themselves of the privileges of conducting business in Delaware. In particular, upon information and belief, Defendants and/or through their agents and/or intermediaries, make, use, import, offer for sale, sell and/or advertise their products and affiliated services in Delaware, including their DentalCAD product, sufficient to give rise to jurisdiction.

8. Upon information and belief, and as further described herein, Defendants have committed patent infringement in Delaware that has led to foreseeable harm and injury to Plaintiff. Upon information and belief, Defendants derive substantial revenue from the sale of infringing products distributed within Delaware and/or expect or should reasonably expect their actions to have consequences in Delaware. In addition, upon information and belief, Defendants knowingly induce, and continue to knowingly induce, patent infringement within Delaware by offering for sale, selling, and/or contracting with others to market infringing products with the

intent to facilitate infringing use of the products by others within Delaware and by creating and/or disseminating product information and other materials providing instruction for infringing use.

9.     Additionally, Defendant Exocad GmbH is subject to jurisdiction in the United States and specifically in Delaware, pursuant to Fed. R. Civ. P. 4(k)(2).  Exocad GmbH has contacts with the United States that include, *inter alia*, advertising, offering to sell, and/or selling its DentalCAD product and related products and services throughout the United States, including within Delaware and this Judicial District.

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c) and/or (d), and 28 U.S.C. § 1400 (b).

## COUNT I: PATENT INFRINGEMENT

11.    Plaintiff incorporates by reference paragraphs 1 through 10 as if set forth fully herein.

12.    The '937 patent was issued by the United States Patent and Trademark Office ("USPTO") on June 17, 2015 to listed inventors Rune Fisker, Tais Clausen, and Nikolaj Deichmann.

13.    Plaintiff is the owner by assignment of all right, title and interest in and to the '937 patent.  Evidence of such assignment has been recorded with the USPTO at Reel/Frame 032504/0723.  Plaintiff is listed on the face of the '937 patent as assignee.

14.    The '937 patent is directed to tools in a system for the design of customized three-dimensional models of dental restorations for subsequent manufacturing.

15.    3Shape sells the industry-leading CAD software for dental labs under the name Dental System$^{TM}$.  The Dental System$^{TM}$ includes the patented technologies of the '937 patent.

16. Defendants are competitors of 3Shape in the field of CAD software for the design of three-dimensional models of dental restorations.

17. Defendants offer to sell and sell DentalCAD in the United States, including in the state of Delaware.

18. Defendants have been and are now directly infringing at least claims 1 and 20 of the '937 patent by making, using, offering to sell, selling, importing, promoting and/or demonstrating their DentalCAD product.

19. Defendants' DentalCAD product includes a system for designing at least one dental restoration, with this system comprising at least the following features: a display, means for acquiring and displaying a three dimensional dental restoration model of the dental restoration and a three dimensional dental model of the patient's set of teeth wherein the dental restoration must be fitted, and means for displaying a plurality of control points, each of the control points corresponding to a respective location on the dental restoration model, and each of said control points enabling manual customization of the dental restoration model, and this system is configured to provide that the dental restoration model is viewable through the dental model.  These features of the DentalCAD product correspond to the features recited and claimed in claim 1 of the '937 patent.

20. Defendants' DentalCAD product also embodies a method for designing at least one dental restoration at a display, said method comprising: acquiring and displaying a three dimensional dental restoration model of the dental restoration and a three dimensional dental model of a patient's set of teeth wherein the dental restoration must be fitted, and displaying a plurality of control points at the dental restoration model, each of the control points corresponding to a respective location on the dental restoration model, and each of said control

points providing means for manually customizing the dental restoration model, wherein the displaying of the dental model is such that the dental restoration model is viewable through the dental model.  These features correspond to those recited and claimed in claim 20 of the '937 patent.

21.     For example, the below screenshot taken from Defendants' website description of its DentalCAD product, http://exocad.com/our-products/dental-cad/#/implant-module (last accessed February 14, 2016), shows the acquisition and display of a three dimensional dental restoration model of a dental restoration and a three dimensional dental model of a patient's set of teeth in which the dental restoration must be fitted, along with the display of a plurality of control points, with each of the control points corresponding to a respective location on the dental restoration model, and each of the control points enabling manual customization of the dental restoration model.  As shown in the figure below taken from the above website, in the Exocad DentalCAD system, the dental restoration model is viewable through the dental model.



22.     Use of Defendants' DentalCAD product necessarily practices at least the method recited in claim 20 of the '937 patent.

23.     Defendants are liable for contributory infringement of the '937 patent by having sold or offered to sell, and continuing to sell or offer for sale, a material component of the invention embodied in the '937 patent that is especially made or adapted for use in infringing the '937 patent and is not suitable for substantial non-infringing use.

24.     Further, Defendants are liable for inducing infringement of the '937 patent by having knowledge of the patent and knowingly causing or intending to cause and continuing to knowingly cause or intend to cause direct infringement of the '937 patent, with specific intent, by its customers. Specifically, Defendants contribute to and actively induce infringement of the '937 patent by, *inter alia*, promotion and sales of the infringing DentalCAD product to Defendants' customers and resellers for their use of the systems and methods of the '937 patent. Those customers and resellers directly infringe the '937 patent by making, using, selling, offering for sale, importing and/or demonstrating the DentalCAD product.

25.     Defendants' past and ongoing infringement has and will continue to irreparably harm 3Shape.

26.     Defendants' past and ongoing infringement has and will continue to cause 3Shape damages.

27.     Defendants' past and ongoing infringement, upon information and belief, has been knowing and willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

A. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly and/or indirectly by way of inducing and/or contributing to the infringement of the '937 patent;

B. A permanent injunction enjoining Defendants and their officers, directors, agents, affiliates, employees, divisions, branches, subsidiaries, parents, and all others in active concert therewith from infringement, including inducing the infringement of, or contributing to the infringement of, the '937 patent;

C. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '937 patent, as provided under 35 U.S.C. § 284;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding to Plaintiff its reasonable attorneys' fees; and

E. Any and all other relief to which Plaintiff may show itself to be entitled and/or as the Court may deem just and proper.

Dated: March 2, 2016

/s/ Geoffrey G. Grivner
Geoffrey G. Grivner (DE Bar #4711)
BUCHANAN INGERSOLL
& ROONEY PC
919 North Market Street
Suite 1500
Wilmington, DE  19801-1054
Tel: (302) 552-4207
Fax: (302) 552-4200
geoffrey.grivner@bipc.com

Philip L. Hirschhorn (pro hac pending)
Aaron L. J. Pereira (pro hac pending)
BUCHANAN INGERSOLL
& ROONEY PC
1290 Avenue of the Americas,
30th Floor
New York, NY 10104-1003
Tel: (212) 440-4470
Fax: (212) 440-4401
philip.hirschhorn@bipc.com
aaron.pereira@bipc.com

*Attorneys for Plaintiff*
*3Shape A/S*